IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

ISLAND PORTFOLIO SERVICES, LLC,

  Appellant,

      v.

FRANK E. TORRES RODRIGUEZ, *et al.*,

  Appellees.

CIVIL NO. 24-1516 (JAG)

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

    Island Portfolio Services, LLC ("Island Portfolio" or "Appellant") appeals the Bankruptcy Court's Orders dated October 30, 2024, which held that Island Portfolio's mortgage lien expired by operation of state law and that its claim is unsecured. *See* Bankruptcy Case No. 24-0428, Docket Nos. 90 and 91. After *de novo* review of the record, the Court agrees with the Bankruptcy Court's analysis and conclusion that Island Portfolio's mortgage lien expired and that its claim is unsecured. The Court also agrees with the Bankruptcy Court's order denying Island Portfolio's request for relief of stay.

    Island Portfolio alleges its claim is secured because the Puerto Rico Court of First Instance entered Judgment in the state court case on March 12, 1990, and the Parties entered into a Judgment Payment Agreement on January 8, 2006.[1] Docket No. 8 at 3-4. Island Portfolio also argued that on September 9, 2011, in a previous Bankruptcy case, Debtors did not object to classifying Island Portfolio's claim as secured. Docket No. 8 at 10-13. However, the Judgment and

---

[1] The debt in question arises from a mortgage note executed on November 2, 1984. Docket No. 8 at 12.

CIVIL NO. 24-1516 (JAG)                                                                                          2

Judgment Payment Agreement pertained to a collection of monies claim, not a foreclosure action, since the Complaint filed in the Puerto Rico Court of First Instance was only for collection of monies.[2] *See* Bankruptcy Case No. 24-0428, Docket No. 34. Additionally, the Puerto Rico Property Registrar's Certification lacks any mention or annotation of the Judgment or Judgment Payment Agreement, and there is no mention in the Bankruptcy case docket that such documents were recorded in the Puerto Rico Property Registry.[3] *See* Bankruptcy Case No. 24-0428, Docket No. 72 at 3-4. The jurisprudence is clear that

> questions that are not within the issues presented by the pleadings may not be determined by the courts . . . Courts have no jurisdiction to consider or determine [a] question . . . until it is raised by direct allegations in a suit instituted by lawful authority for the express purpose of presenting it.

*United States v. Northern P.R. Co.*, 177 U.S. 435, 439 (1900); *see also Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts are generally limited to addressing the claims and arguments advanced by the parties."). Thus, because the Judgment and Judgment Payment Agreement relate to a claim for collection of monies, not a foreclosure claim, these cannot bar arguments related to the legal status of a mortgage.

---

[2] As Island Portfolio concedes, Debtors' 1981 mortgage had expired by 2006 when the Parties executed the Judgment Payment Agreement. Docket No. 15 at 3.

[3] "In Puerto Rico, [a] judgment lien can only be obtained by complying with the requirements of the statute by which they are created. Generally, a judgment lien becomes a valid lien over the immovable property of the debtor once the judgment is presented, recorded, and indexed according to law in the Property Registry. Once a judgment is presented, recorded, and indexed according to law, the same operates immediately as a lien upon the immovable property of the defendant, not exempt from execution." *Santana v. Hacienda San Jose Homeowners Assoc. (In re Santana)*, 2024 Bankr. LEXIS 2948, 23 (Bankr. D.P.R. 2024); *see also Hernández v. Medina et al.*, 19 P.R. Offic. Trans. 88 (1913); *Crespo Gonzalez v. Superior Court of P.R.*, 83 P.R. Offic. Trans. 568 (1961); *Santiago v. E.L.A.*, 163 P.R. Dec. 149, 163-164 (2004).

**CIVIL NO.** 24-1516 (JAG)                                                                 3

As such, the defenses of *res judicata*, judicial estoppel, and the Rooker-Feldman doctrine are inapplicable to the present controversy. First, *res judicata* is inapplicable because there is no perfect identity of causes between both actions. *See R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 183 (1st Cir. 2006) (emphasis added). Second, judicial estoppel is inapplicable because Appellants have not shown that "the responsible party [] succeeded in *persuading* a court to accept its prior position" or that Appellees would "derive an unfair advantage if the new position is accepted by the court." *Díaz-Báez v. Alicea-Vasallo*, 22 F.4th 11, 21 (1st Cir. 2021) (cleaned up) (emphasis added). Third, the Rooker-Feldman doctrine is inapplicable because the claim at issue here was not "*actually adjudicated* by the state court or was 'inextricably intertwined' with the state court judgment." *Jallali v. Am. Osteopathic Ass'n*, 461 Fed. App'x. 838, 839-40 (11th Cir. 2012) (emphasis added). Moreover, the Puerto Rico Supreme Court has held that an action for collection of monies does not interrupt the statute of limitations of a mortgage foreclosure action. *See Distribuidores Unidos de Gas de Puerto Rico, Inc. v. Marchand Castro Registradora*, 188 P.R. Dec. 351 (2013); *see also Distribuidores Unidos de Gas de P.R., Inc. v. Sucesión de Declet Meléndez*, 196 P.R. Dec. 96 (2016).

Likewise, because in the previous Bankruptcy cases "no party sought a determination of the status of the claim, the bankruptcy court did not rule on the validity of the lien." *In re Simmons*, 765 F.2d 547, 559 (5th Cir. 1985); *see also In re Tarnow*, 749 F.2d 464, 466 (7th Cir. 1984). The fact that an unsecured claim was mistakenly classified as secured and the mistake went unnoticed by all Parties does not create or resuscitate a property right. Allowing an erroneously confirmed plan to create a new mortgage lien or revive an expired mortgage lien would contravene both Section 1322(a)(3) of the Bankruptcy Code and Puerto Rico Mortgage Law. *See Tower Loan v. Maddox (In re Maddox)*, 15 F.3d 1347, 1356 (5th Cir. 1994).

CIVIL NO. 24-1516 (JAG) 4

Considering the recorded mortgage lien expired and neither the Judgment nor the Judgment Payment Agreement was recorded in the Property Registry, there is no valid lien to enforce. Consequently, the Bankruptcy Court did not abuse its discretion in denying Island Portfolio's Motion for Relief from Stay as there is no cause to lift the stay. *See In re Guzman*, 513 B.R. 202, 208-09 (Bankr. D.P.R. 2014)[4]; *see also In re Sonnax Indus.*, 907 F.2d 1280, 1284 (2nd Cir. 1990).

Accordingly, the Court AFFIRMS the Orders of the Bankruptcy Court. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, December 19, 2025.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[4] "To consider if there was 'cause' to lift the automatic stay, the District Court used the following factors: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and (13) the balance of hurt." *In re Guzman*, 513 B.R. 202, 208-09 (Bankr. D.P.R. 2014).